**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STEPHEN D. LANE and RACHEL L. LANE, | ) | |
| individually, and as parents and next of kin to | ) | |
| C.R.L. and N.J.L., minor children; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-524-TCK-FHM |
| | ) | |
| BP p.l.c.; et al.; | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court are Plaintiffs' Motion to Remand (Doc. 43), Defendant OCWEN Loan

Servicing, LLC's Motion to Dismiss (Doc. 34), and Defendant BP p.l.c.'s Motion to Dismiss

(Doc. 27).

**I.     Background**

Plaintiffs Stephen D. Lane, Rachel L. Lane, and their children, C.R.L. and N.J.L., purchased

certain real property in Creek County, Oklahoma (the "Property").   On June 24, 2015, Plaintiffs

filed a Petition in the District Court of Creek County, Oklahoma, alleging claims of negligence,

nuisance, unjust enrichment, strict liability, and fraud, among others, against Defendants.

Plaintiffs allege Defendants B.P.,p.l.c., Marathon Oil Corporation, Marathon Petroleum

Corporation, and Kinder Morgan, Inc. (collectively, "Operational Defendants") formerly operated

an oil refinery and "tank farm" on the Property.  The Operational Defendants allegedly abandoned

such refinery without "assuring their operations had not and would not affect the environment or the

persons and property" and "covered up and buried refinery products and chemicals without notice."

(Pet. § 7.)  The other defendants are prior interest owners and predecessors of title to the Property

("Non-Operational Defendants").

On September 14, 2015, Defendant Kinder Morgan, Inc. ("Kinder Morgan") removed the case to this Court.  Kinder Morgan alleged that the Non-Operational Defendants were fraudulently joined and argued that the citizenship of the Non-Operational Defendants should be disregarded for purposes of federal subject mater jurisdiction.  Kinder Morgan asserted that the case, absent the Non-Operational Defendants, satisfies the jurisdictional requirements of 28 U.S.C. § 1332.  In their Motion to Remand, Plaintiffs argue the Court lacks jurisdiction under 28 U.S.C. § 1332 because the Non-Operational Defendants were properly joined.  Defendant BP, p.l.c. ("BP") filed a Motion to Dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant OCWEN Loan Servicing, LLC filed a Motion to Dismiss pursuant to Rule 12(b)(6).

## II.    Fraudulent Joinder of the Non-Operational Defendants

### A.    Standard

To successfully assert fraudulent joinder, the removing party bears the "heavy burden" of showing either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).  Kinder Morgan seeks to establish fraudulent joinder by the second method.

Under the second method, the removing defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Cuevas*, 648 F.3d at 249; *Monsanto v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (explaining that removing parties typically must show that there is no possibility that the plaintiff would be able to establish a cause

2

of action against the joined party). In determining whether there is any possibility of recovery, courts may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (internal citations omitted). It is well-settled that "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988; *Monsanto*, 2000 WL 525592, at *1 (explaining that courts typically resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party).

Where the removing party's argument is premised on a factual issue, "the issue must be capable of summary determination and be proven with complete certainty," and courts may not "pre-try . . . doubtful issues of fact to determine removability." *Smoot*, 378 F.2d at 882.[1] This Court has previously held that, when faced with evidence establishing a jurisdictional fact, the plaintiff may not defeat federal jurisdiction by demonstrating that it conducted a pre-suit investigation and initially had a good-faith basis for including the non-diverse party. *See Wagoner v. Hussey Seating Co.*, No. 13-CV-352-TCK, 2013 WL 6048853, at *3 (N.D. Okla. Nov. 14, 2013). Instead, a plaintiff must produce *some* evidence showing there remains a possibility of recovery against the non-diverse defendant. *See id.* However, "[t]he quantum of evidence is low, all disputes must be resolved in [p]laintiff's favor, and [the defendant] retains the heavy burden of proof." *Id.*

---

[1] This Court and other courts within the Tenth Circuit have sometimes referred to the fraudulent joinder standard as requiring "clear and convincing evidence." *See, e.g., Spence v. Flynt*, 647 F. Supp. 1266, 1271 (D. Wyo.1986) ("The removing party who claims fraudulent joinder has the burden of pleading such with particularity and supporting it with clear and convincing evidence; it must prove the non-liability of the defendant as a matter of fact or law."); *Castens v. Conseco Life Ins. Co.*, No. 11-CV-628-TCK, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) ("With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support his claim with clear and convincing evidence."). The Court finds no significant difference between the "complete certainty" language in *Smoot* and the "clear and convincing" language in other cases.

### B.        Analysis

The Court will determine if Kinder Morgan has shown with complete certainty that Plaintiffs

cannot recover against the Non-Operational Defendants on the following two claims: (1) declaratory

judgment/indemnity/contribution; and (2) constructive fraud.[2]

### 1.        Declaratory Judgment/Indemnity/Contribution

This claim is captioned as a claim for "declaratory judgment/indemnification/contribution."

It provides:

> All Defendants are predecessors in title to the Plaintiffs' lands and conveyed the
> lands to the Plaintiffs and/or were operators of the facilities that caused pollution on
> the land.  *To the extent Plaintiffs are hereafter* made subject to claims for damages,
> injunctive relief, remediation or other relief resulting from pollution on the land or
> emanating therefrom, Plaintiffs seek an order declaring the rights of the parties and
> requiring All [sic] Defendants to indemnify Plaintiffs and hold them harmless from
> any such claims, damages, injunctions or any such other relief.

(Pls.' Pet. ¶ 29 (emphasis added).)  Plaintiffs specifically indicate that the relief sought is only "to

the extent Plaintiffs are hereafter made subject to claims for damages."  (*Id.*)

Plaintiffs argue Okla. Stat. tit. 12, § 1651 entitles Plaintiffs to seek a declaratory judgment

requiring the prior landowners to indemnity and/or contribute to any claims for which Plaintiffs

"might be held liable."  (Pls.' Mot. to Remand 9-10.)  Section 1651 provides, in part:

> District courts may, in cases of *actual controversy*, determine rights, status, or other
> legal relations, including but not limited to a determination of the construction or
> validity of any foreign judgment or decree, deed, contract, trust or other instrument
> or agreement or of any statute, municipal ordinance, or other governmental
> regulation, whether or not other relief is or could be claimed, except that no
> declaration shall be made concerning liability or nonliability for damages on account
> of alleged tortious injuries to persons or to property either before or after judgment.
> . . .

Okla. Stat. tit. 12, § 1651 (emphasis added).

---

[2]  Even though the Petition clearly does not contain such a claim, Plaintiffs argue they
should be permitted to amend their Petition to allege a claim of constructive fraud.  The Court
entertains Plaintiffs' argument solely to avoid such a request following issuance of this Opinion
and Order.

"'In order to invoke the jurisdiction of the court under the declaratory judgments act there must be an actual, existing justiciable controversy between parties having opposing interests, which interests must be direct and substantial, and involve an actual, as distinguished from a possible, potential, or contingent dispute.'" *Dean v. State of Okla. ex rel. Doak*, 292 P.3d 58, 62 (Okla. Civ. App. 2012) (quoting *Gordon v. Followell*, 391 P.2d 242, 242-43 (Okla. 1964)). "Justiciable" refers to a case or controversy with antagonistic demands.   "When a party presents for adjudication antagonistic demands that are merely speculative, a prohibited advisory opinion is being requested." *Tulsa Indus. Auth. v. City of Tulsa*, 270 P.3d 113, 120 (Okla. 2011).   An "absence of justiciability requires dismissal of the proceeding." *Id.* at 121.

Plaintiffs' declaratory judgment action is barred by § 1651.  Throughout their Petition and Motion to Remand, Plaintiffs admit they are seeking a declaration from this Court regarding a contingent dispute.  Although Plaintiffs have hypothesized a variety of circumstances in which they could incur liability, such hypotheses are nothing more than speculation.  Plaintiffs have offered no allegations or evidence to suggest that any claims have been made against Plaintiffs.  Thus, at this point, no antagonistic demands exist.   The declaratory judgment sought by Plaintiffs is an impermissible advisory opinion.

Plaintiffs allege they have stated valid claims for equitable indemnity and contribution against the Non-Operational Defendants.  Even assuming Plaintiffs could prove the existence of a justiciable controversy, Plaintiffs equitable indemnity and contribution claims fail nonetheless.  Section 1651 explicitly precludes issuance of a declaratory judgment for liability for "damages on account of alleged tortious injuries."  Plaintiffs' indemnification and contribution claims require a determination of tort liability.  *See, e.g.*, Okla. Stat. tit. 12, § 832(A) ("When two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them . . . ."); *Cent. Nat'l Bank of Poteau v.*

*McDaniel*, 734 P.2d 1314, 1316 (Okla. Ct. App. 1986) ("[A] person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter whether contractual relations exist between them or not.").  Plaintiffs argue *Equity Insurance Company v. Garrett*, 178 P.3d 201 (Okla. Civ. App. 2008) allows a declaration of the parties' rights in a situation such as the present.  In *Equity Insurance*, the court held that § 1651 permitted a declaration of the parties' rights under an insurance contract even where an underlying question of tort liability exists.  The *Equity Insurance* decision is distinguishable from the present case.  The plaintiff in *Equity Insurance* sought a declaration under a contract that did not require a determination of tort liability.  In the present case, no underlying contract exists and the declaration sought by Plaintiffs necessarily requires a determination of tort liability.  Accordingly, there is no possibility of recovery under any of the theories in this claim.

**2.    Constructive Fraud**

In their Motion to Remand, Plaintiffs argue the facts pled are sufficient to support a claim of constructive fraud.  Plaintiffs claim the Non-Operational Defendants, as prior owners of the land at issue, "wrongfully failed to disclose the polluted and contaminated state of the land to successive owners."  (Pls. Mot. to Remand 16.)

"An individual commits constructive fraud under Oklahoma law by breaching a legal or equitable duty to the detriment of another."  *Young v. Dish Network, LLC*, No. 13-CV-114-JED-PJC, 2015 WL 6623384, at *3 (N.D. Okla. Oct. 30, 2015) (citing *Croslin v. Enerlex, Inc.*, 308 P.3d 1041, 1045-46 (Okla. 2013)).  To prevail on a claim of constructive fraud, a plaintiff is required to prove:

> (1) That the defendant owed plaintiff a duty of full disclosure.  This duty could be part of a general fiduciary duty owed by the defendant to the plaintiff.  This duty could also arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter;
>
> (2) That the defendant misstated a fact or failed to disclose a fact to plaintiff;
>
> (3) That the defendant's misstatement or omission was material;

(4) That plaintiff relied on defendant's material misstatement or omission; and

(5) That plaintiff suffered damages as a result of defendant's material misstatement or omission.

*Kiefner v. Sullivan*, No. 13-CV-714-TCK-FHM, 2014 WL 2197812, at *10 (N.D.Okla. May 27, 2014) (citing *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008).  "A claim of constructive fraud based on a nondisclosure of information requires the existence of a duty to disclose the information due to the 'peculiar circumstances' of a particular case." *Payne Exploration Co. v. Trident Steel Corp.*, No. CIV-15-818-D, 2016 WL 15300006, at *4 (W.D. Okla. Apr. 14, 2016) (quoting *Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp.*, 24 F.3d 1190, 1195 (10th Cir. 1994)); *see* Okla. Unif. Jury Instr. 18.5 (non-exhaustive list of instances in which duty to disclose could arise).

Plaintiffs have failed to allege any facts that would show that the Non-Operational Defendants owed or breached a duty of disclosure to Plaintiffs.  The only Non-Operational Defendant with which Plaintiffs may have had any interaction are their immediate predecessors in title, LaSalle Bank N.A. ("LaSalle").  LaSalle is a national banking association with its main office located in Chicago, Illinois, and therefore would not destroy diversity jurisdiction.  (Resp. to Mot. to Remand 21.)  Additionally, Plaintiffs have offered no allegations regarding LaSalle's knowledge of the alleged contamination or any disclosures made by LaSalle (or lack thereof).  Despite Kinder Morgan emphasizing the lack of allegations regarding duty, Plaintiffs state in their reply only that they "have clearly set forth in their Petition that the [Non-Operational] Defendants had a duty to disclose the contaminated condition of the land and failed to do so" and otherwise offered no rebuttal to Kinder Morgan's duty argument.  (Pls.' Reply 5) Plaintiffs have offered only a single conclusory allegation, devoid of any factual support.  As noted above, Plaintiffs are required to produce *some* evidence showing there remains a possibility of recovery against the Non-Operational Defendants, and Plaintiffs simply have not done so.

Therefore, the Court concludes that Plaintiffs have no possibility of recovery on their declaratory judgment or constructive fraud claims against the Non-Operational Defendants, and Kinder Morgan has met its heavy burden of establishing that the Non-Operational Defendants were fraudulently joined.

## III.    BP's Motion to Dismiss

BP seeks dismissal of Plaintiffs' claims based on Federal Rules of Civil Procedure 12(b)(5) for insufficient service of process and 12(b)(6) for failure to state a claim upon which relief can be granted.

### A.    Rule 12(b)(5) - Service of Process

Under Federal Rule of Civil Procedure 4(h), a domestic or foreign corporation or partnership must be served:

> (1) in a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h).  The Oklahoma statutes require service to be made on a business entity in the same manner.  *See* Okla. Stat. tit. 12, § 2004(C)(1)(c)(3).

Strict compliance with the Oklahoma statutory scheme is not required for service to be proper; instead, "substantial compliance" is sufficient. *See Graff v. Kelly*, 814 P.2d 489, 495 (Okla.1991). "To determine whether substantial compliance has occurred, the court must consider the circumstances and 'determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice.'" *Shaffer v. Skechers, USA, Inc.*, No. CIV–09–167–D, 2009 WL 3837408, at *2 (W.D.Okla. Nov. 16, 2009) (unpublished) (citing *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 798 (10th Cir. 2009)). "'The adopted test requires that under all the circumstances present in a case there by

8

a reasonable probability the service of process employed apprized its recipient of the plaintiff's pressed demands and the result attendant to default.'" *Hukill*, 542 F.3d at 799 (quoting *Vance v. Fed. Nat'l Mortg. Ass'n*, 988 P.2d 1275, 1279–80 (Okla.1999)).

A section of BP's 2014 Annual Report titled "Information About This Report" states "Our agent in the U.S.: BP America, Inc., 501 Westlake Park Boulevard, Houston, Texas, 77079." Plaintiffs relied on this alleged assertion of agency and attempted to serve BP America, Inc. through the Corporation Company, BP America's registered service agent in Oklahoma. The Corporation Company transmitted the documents to LaTrisha Charles at BP America, Inc., even though the actual process appears to have been directed to "BP America Production Company." (Ex. 2 to BP's Mot. to Dismiss.)

BP alleges neither BP America, Inc. nor BP America Production Company have been designated as BP's service agent in the United States and, therefore, service was insufficient under Rule 12(b)(5). Plaintiffs do not dispute that service was imperfect but, instead, argue it was sufficient. BP has not identified who its service agent is in the United States, so the Court cannot evaluate how close Plaintiffs were to perfecting service. However, the Court finds Plaintiffs' attempted service to be in substantial compliance with the statutory scheme. Given that BP designated BP America, Inc. as its agent for inquiries regarding the Annual Report, the method employed by Plaintiffs was imperfect but had a reasonable probability of affording BP with notice. Accordingly, BP's motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process is denied.

### B. 12(b)(6) - Failure to State a Claim

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

### 1. Negligence Per Se

BP seeks dismissal of Plaintiffs' claim of negligence per se. To establish negligence, a plaintiff must show that the defendant owed a duty of care to the plaintiff, that the defendant

---

[3] In their response, Plaintiffs cite *Conley v. Gibson*, 355 U.S. 41 (1957) and its progeny to argue that a complaint may not be dismissed "unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief." (Pls.' Resp. 7.) The Supreme Court "retired" the *Conley v. Gibson* standard in 2007 – nine years ago – and replaced it with the *Twombly* plausibility standard. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

breached that duty of care, and that the breach caused injury to the plaintiff. *Martinez v. Angel Exploration, LLC*, 798 F.3d 968, 974 (10th Cir. 2015). "The negligence per se doctrine is employed to substitute statutory standards for parallel common law, reasonable care duties." *Howard v. Zimmer*, 299 P.3d 463, 474 (Okla. 2013). The following elements must be shown in order to establish a negligence per se claim: (1) the claimed injury is of a type intended to be prevented by the statute or regulation; (2) the injured party is a member of the class intended to be protected by the statute or regulation; and (3) the claimed injury was caused by the statutory or regulatory violation. *Id.* at 467.

In support of the negligence per se claim, Plaintiffs' Petition alleges as follows: "Operational Defendants' actions, as described above and in other particulars known by Operational Defendants and as yet unknown to Plaintiffs, are direct violations of state statutes, rules and regulations, constitute negligence per se and thereby fix liability on said Operational Defendants." (Pet. ¶ 19.) Plaintiffs have not identified any particular state statute, rule, or regulation which BP or any of the other Operational Defendants violated. Plaintiffs cannot satisfy the *Twombly* plausibility standard without identifying the alleged statutory or regulatory violation. *Howard*, 299 P.3d at 474 ("[T]o prevail on a claim for negligence per se, the [plaintiff] must not only demonstrate violation of the regulation but also that the violation caused his injury along with the extent to which the injury may support an award of damages."). The Court cannot determine whether Plaintiffs have plausibly stated a claim for relief without knowing the specific statutory or other basis underlying such claim. The negligence per se claim is therefore dismissed. In the interest of justice, Plaintiffs shall be permitted to file an Amended Complaint providing greater factual detail regarding the negligence per se claim no later than ten days from the date of this Opinion and Order.

## 2.   Private Nuisance

Plaintiffs assert a claim of private nuisance based on the Operational Defendants' pollution of the Property and adjoining property.  (Pet. ¶ 20.)  BP seeks dismissal of Plaintiffs' private nuisance claim on the basis that successor landowners have no such cause of action.

Plaintiffs, as successor landowners, have not demonstrated a plausible claim of private nuisance.  Under Oklahoma law, a public nuisance is "one which affects at the same time an entire community or neighborhood, or any considerable number of persons."  Okla. Stat. tit. 50, § 2.  A private nuisance is every nuisance not included in the definition of public nuisance.  *Id.* § 3. Plaintiffs allege the nuisance was created prior to their ownership and, therefore, bring their private nuisance claim as successor landowners.  In *Moore v. Texaco, Inc.*, 244 F.3d 1229 ( 10th Cir. 2001), the Tenth Circuit acknowledged that Oklahoma courts had yet to address this precise issue but hypothesized  how Oklahoma courts would rule in such a situation: "It is likely that Oklahoma would reach the same conclusion reached by nearly every other court to consider the issue: that an action for private nuisance is designed to protect neighboring landowners from conflicting uses of property, not successor landowners from conditions on the land they purchased."  244 F. 3d at 1232 (collecting cases) (affirming summary judgment for defendant on private nuisance claim by successor landowner).

Plaintiffs urge the Court to rely on *Tenneco Oil Company v. Allen*, 515 P.2d 1391 (Okla. 1973), to hold that Plaintiffs may maintain a private nuisance claim as successor landowners. However, in *Tenneco*, the plaintiff alleged the pollution occurred in the year prior to commencement of the action while the plaintiff owned the subject property.  Therefore, *Tenneco* is distinguishable from the present situation and does not support the proposition that a subsequent landowner may maintain an action for private nuisance which occurs before ownership.  Plaintiffs' private nuisance claim is dismissed.

### 3.      Strict Liability

Plaintiffs have asserted a strict liability claim against the Operational Defendants, alleging that the "Operational Defendants are strictly liable to Plaintiffs for all damages caused by Operational Defendants' actions and inactions, which were in violation of Oklahoma statutes and/or rules and regulations of Oklahoma regulatory bodies or in the operation of non-exempt hazardous activities."  (Pet. ¶ 23.)  BP seeks dismissal of Plaintiffs' strict liability claim because Plaintiffs allege the Operational Defendants' activities were in violation of Oklahoma statutes, rules, and/or regulations without identifying which specific statute, rule, or regulation was violated.

Under Oklahoma law, "to establish a cause of action for strict liability, a plaintiff must show that his property was damaged directly and proximately by ultrahazardous conduct."  *McCormick v. Halliburton Energy Servs., Inc.*, No. CIV-11-1272, 2015 WL 918767, at *4 (W.D. Okla. Mar. 3, 2015) (citing *McDonald v. N. Am. Specialty Ins. Co.*, 224 F. App'x 761, 766 (10th Cir. 2007)).  A plaintiff need not allege violation of a specific statute, rule, or regulation.  The Restatement lists six factors Courts consider in determining whether an activity is ultrahazardous: (1) existence of a high degree of risk of harm to the person, land or chattels of others; (2) likelihood that the harm that results from it will be great; (3) inability to eliminate the risk by the exercise of reasonable care; (4) extent to which the activity is not a matter of common usage; (5) appropriateness of the activity to the place where it is carried on; and (6) extent to which its value to the community is outweighed by its dangerous attributes.  Restatement (2d) of Torts § 520; *see also Reese v. AES Corp.*, No. CIV-12-0457, 2014 WL 61242, at *7 (E.D. Okla. Jan. 8, 2014).

With regard to the Operational Defendants' actions, Plaintiffs allege:

Operational defendants abandoned [an oil refinery and tank farm] without assuring their operations had not and would not affect the environment or the persons and property in the surrounding area.  Operational Defendants covered up and buried refinery products and chemicals without any notice to Plaintiffs, their predecessors in title or State of Oklahoma regulatory authorities.

(Pet. ¶ 8.)   Plaintiffs, therefore, have defined the Operational Defendants' activities as (1) abandoning the oil refinery without taking proper precautions and (2) covering up and burying refinery products.  Plaintiffs also specifically allege that:

> "Operational Defendants caused and/or allowed oil refinery products and other chemicals to be maintained in such a way as to cause severe pollution and contamination . . . ."  (Pet. ¶ 12.)

> "Operational Defendants (a) allowed deleterious substances to flow upon the surface and underground . . . failing to remove deleterious substances, by operating leaking above ground and underground pipelines and tanks . . ., by improperly maintaining and operating the refinery, by failing to clean up deleterious substance spills that have occurred from their various facilities . . . ."  (Pet. ¶ 13.)

By alleging that the Operational Defendants did not assure that the operations had not and would not affect the environment, Plaintiffs have indicated that steps could have been taken to minimize the effect of the abandonment of the refinery and tank farm.  A prerequisite for strict liability is "not merely a highly significant risk associated with the activity itself, but a highly significant risk that remains with the activity even when all actors exercise reasonable care."  Restatement of Torts (3d) § 20 (2016).  Where an activity can be made safer by the exercise of care, it is not an ultrahazardous activity.  *See id*.

Plaintiffs have not alleged that abandoning a refinery or burying refinery products can never be done safely.  Instead, they seem to be alleging that the Operational Defendants simply did not take the proper steps to ensure it was done safely.  As such, Plaintiffs have not stated a plausible claim for strict liability.  In the interest of justice, Plaintiffs shall be permitted to file an Amended Complaint providing greater factual detail regarding the strict liability claim no later than ten days from the date of this Opinion and Order.

### 4.     Fraud

Plaintiffs allege the Operational Defendants defrauded Plaintiffs by "misrepresent[ing] their activities as being lawful and in compliance with laws, rules, and regulations" and conveyed the

Property to Plaintiffs' predecessors "without full disclosure, knowing the polluted, contaminated and dangerous condition of the property and actively concealing that information." (Pet. ¶¶ 24, 25.) BP argues this claim should be dismissed because it is not pled with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The Tenth Circuit requires a complaint alleging fraud to set forth the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences of the statements. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).[4] The purpose of these requirements is to provide the defendant with fair notice of a plaintiff's claims and the factual ground upon which they are based. *Id.*

Plaintiffs' allegations group all Operational Defendants together and fail to specify the time, place, or contents of the alleged false representations. Plaintiffs have not even provided enough factual information – such as the specific time frame in which each Operational Defendant owned the subject property – to allow the Operational Defendants to make inferences from the scarce allegations regarding Plaintiffs' fraud claim. Plaintiffs have not satisfied the requirements of Rule 9(b), and their claim for fraud is dismissed. In the interest of justice, Plaintiffs shall be permitted to file an Amended Complaint providing greater factual detail regarding the fraud claim no later than ten days from the date of this Opinion and Order.

---

[4] It is not clear to the Court why Plaintiffs ignored the cases cited by BP from this Court and within the Tenth Circuit articulating the pleading standard for fraud claims and instead, chose to rely on a case from the Eastern District of Pennsylvania.

## IV.    Conclusion

Plaintiffs' Motion to Remand (Doc. 43) is DENIED.  Plaintiffs' claims against the following Defendants are dismissed without prejudice: Wendell Sandlin; Bolin Oil Company, a partnership comprised of D.H. Bolin, D.P. Bolin, R.L. Bolin, and C.W. Bolin; C.W. Stradley; Billy Joe Bennett; Peggy L. Bennett; Liberty National Bank, f/k/a Chickasha Bank of Chickasha; C.P. Mercer; M. Aline Mercer; Stanley S. Snelling; Shirley J. Snelling; Bill Bethel; Shirley Bethel; Leon S. Batey; Allene Batey; Ann Montgomery; SPE, Inc.; Phillip Elias; Sherry Elias; Elias Family Trust; Ernest E. Keeler;  Tina L. Keeler; Danny J. Waters; Brenda L. Waters; H.L. Pinson; Kippy L. Pinson; Jeff D. Dobson; Carrie L. Dobson; Chris A. Dobson; Dana A. Dobson; Ronnie L. Painter; Carla A. Painter; Larry F. Lane; Sonia J. Lane; Homecomings Financial, LLC; LaSalle Bank, N.A.; James A. Chapman; Wanda J. Chapman Revocable Family Trust; and OCWEN Loan Servicing, LLC.

OCWEN Loan Serving, LLC's Motion to Dismiss is DENIED as moot (Doc. 34).

BP's Motion to Dismiss (Doc. 27) is DENIED in part and GRANTED in part as follows:

(1)    12(b)(5) service of process - DENIED;

(2)    12(b)(6):

    (a)    Negligence per se - GRANTED, claim dismissed as to all Operational Defendants.  Plaintiffs granted leave to file an Amended Complaint within 10 days;

    (b)    Private nuisance - GRANTED, claim dismissed as to all Operational Defendants;

    (c)    Strict liability - GRANTED, claim dismissed as to all Operational Defendants.  Plaintiffs granted leave to file an Amended Complaint within 10 days; and

    (d)    Fraud - GRANTED, claim dismissed as to all Operational Defendants. Plaintiffs granted leave to file an Amended Complaint within 10 days.

IT IS SO ORDERED this 28th day of September, 2016.

**TERENCE KERN**
**United States District Judge**

16